UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JI YOUNG LEE,

                      Plaintiff,                    **COMPLAINT**

          -against-                 Case No.: 15 cv 2001 (KPF)(RLE)

THE CITY OF NEW YORK, DETECTIVE      <u>Jury Trial Demanded</u>
WALTER HARKINS, POLICE OFFICER
JOSEPH KIM, SERGEANT SUNGHOON KIM,
LIEUTENANT MICHAEL MORALES, and
"JOHN & JANE DOES," Nos. 1-10,

                    Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 42 U.S.C. § 1983 and state law alleging violations of law by the City of New York ("City") and various New York City Police Officers employed by the New York City Police Department ("NYPD") in the Organized Crime Control Bureau ("OCCB"), Vice Enforcement Major Case Team ("Vice MC"), and other divisions and agencies of the City and State of New York. Plaintiff alleges that, on or about January 30, 2014, New Jersey police officers, acting pursuant to an Arrest Warrant issued upon a Criminal Complaint sworn to under oath by Detective Walter Harkins ("Harkins") of the NYPD, OCCB, Vice MC, arrested her based on false allegations about her contained in the aforesaid Complaint and made by Detective Harkins and Police Officer Joseph Kim ("Kim") and others to prosecutors and judges; and that on or about February 20, 2014, Detective Harkins took her into custody from the Bergen County (N.J.) Jail and transported her to the New York City Criminal Court, New York County, and continued her false arrest and also maliciously prosecuted her in violation of the Fourth and Sixth Amendments to the United States Constitution and state law.

Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her claims of false arrest and imprisonment, abuse of process, and malicious prosecution brought under New York state law.

4.     With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within ninety (90) days after plaintiff was released from custody and prosecutors dismissed all charges against her with prejudice.  More than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6.     Ji Young Lee is a New Jersey resident who lives in Bergen County.

7.     The City of New York is a municipal corporation organized under the laws of the State of New York.

8.     Walter Harkins, Joseph Kim, Sunghoon Kim, Michael Morales, and "John and Jane Does" Nos. 1-10 are New York City Police Officers who were acting under color of state law and in their capacities as City police officers at all relevant times. Harkins, Kim, Kim,

2

Morales, and the "Does" are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  Harkins, Kim, Kim, Morales, and the "Does" are sued in their official and individual capacities.

## STATEMENT OF FACTS

9.      Prior to and leading up to the false arrest of the plaintiff on January 30, 2014,  the New York State Attorney General's Office, in conjunction with the federal Department of Homeland Security, the New York Police Department, and other federal, state, and local agencies investigated a drugs-prostitution-money laundering ring focused on marketing its illicit services to high-end clientele arriving in the New York metropolitan area for the 2014 Super Bowl to be played in the Meadowlands.

10.      In advance of the game itself, the defendants herein, working with state and federal investigators, swore out the aforesaid complaint, obtained arrest warrants, and arrested some eighteen (18) or so individuals and charged them with various crimes including serious felonies. On or about January 30, 2014, Attorney General Eric Schneiderman, joined by high-ranking New York City and New York State police officials, held a widely-televised press conference which was reported on in the print and broadcast media and re-televised and reported on via the internet, in which some or all of the charged individuals were named and had their photographs and names prominently displayed on an organizational chart typically utilized in such press conferences when organized crime arrests are announced. Plaintiff's name and photograph were among those displayed.

11.      In that press conference, as in the criminal complaint which had been filed, Attorney General Schneiderman and the other officials accused the plaintiff and the others

charged with participating in a criminal conspiracy which involved human trafficking for prostitution purposes, felony sale of and trafficking in narcotics, promoting prostitution, and extensive laundering of the proceeds through various front businesses.

12.    On the internet, various blogs and other postings repeated and reported on these heinous charges and accusations for weeks and even months thereafter, as did the print and broadcast media.  In particular, the Korean-language media focused on the case in that the majority of people charged were Korean-American.  Plaintiff's name and likeness, her business affiliations, home address and other personal information, as well as the accusations against her, were heavily publicized for many weeks and months.  As a result, her family members, friends, acquaintances, and business customers and associates saw and heard the reports that plaintiff was a member, and in fact a manager of, a Korean organized crime ring which brutally trafficked in young Korean females who were often forced or coerced into prostitution, and that she arranged for large quantities of narcotics to be trafficked and sold and the proceeds laundered.

13.    The defendants herein, working with state and federal investigators, supposedly conducted physical and electronic surveillance of plaintiff and the others arrested and charged.  They also utilized undercover agents to provide them with intelligence and evidence against the perpetrators.  Plaintiff and her partner own and operate a small jewelry and crafts business.  She has never been arrested or, upon information and belief, even suspected of any offense prior to her arrest in this matter.  She is not heard on any of the wiretaps or other eavesdropping evidence proffered as evidence in the case by the defendants herein.  She never associated with and was never seen associating with any of the actual perpetrators in the criminal case.  She never participated in any of the prostitution or drug transactions underlying the

4

criminal case, nor did she utilize her business or any other business to engage in money laundering transactions.  Nonetheless, Detective Harkins swore falsely under oath that plaintiff had engaged in all of those acts and more, and procured an arrest warrant based on those false allegations.

14.     Upon information and belief, the defendants were unsure whether plaintiff was involved in the criminal conspiracy.  When the time came to effect the arrests of the suspects, on January 30, 2014, despite their uncertainty, Detective Harkins falsely swore out the complaint and obtained the arrest warrant for the plaintiff anyway and caused her to be arrested at her New Jersey home, taken into custody, and incarcerated on a fugitive detainer in Bergen County.  Shockingly and almost unbelievably, Detective Harkins, upon retrieving the plaintiff from Bergen County three (3) weeks later on February 20, 2014, after she had waived extradition there, and while transporting her to New York County Criminal Court for arraignment upon the complaint, revealed to plaintiff that he did not know whether she was an actual suspect and questioned her in transit and at the New York County Criminal Court as to her identity and the ownership of a motor vehicle which bore some significance to his investigation.  Notably, he did this in violation of the plaintiff's 5th and 6th Amendment rights in full knowledge that her right to counsel had attached and that she was in fact represented by counsel.  Plaintiff repeatedly told Detective Harkins and other investigators from the time of her arrest that she was innocent of any wrongdoing and had no knowledge of it or the perpetrators.

15.     Despite all that, Detective Harkins and the other defendants maintained the charges against her, repeated the allegations to the assigned prosecutors, and caused plaintiff to be arraigned on the false charges on February 20, 2014, and held at Riker's Island on $30,000

5

bail.

16.     Plaintiff and her family were unable to raise sufficient funds to obtain the

bail bond for a few weeks.  Finally, a bail bond was posted and plaintiff was released from

custody on or about March 19, 2014.  At a court date on March 24, 2014, the assigned

prosecutor, a deputy assistant attorney general whose office was prosecuting the case, agreed to

informally provide certain discovery which consisted primarily of recordings of eavesdropped

telephone conversations.  That discovery was provided by the prosecutor on March 26, 2014.

Plaintiff listened to those recordings and consulted with her defense attorney who then

communicated to the assigned prosecutor that it was plaintiff's adamant position that hers was

not the voice on the recordings, that she did not recognize the voices on the recordings or the

telephone numbers associated with them, and had no knowledge of the subject matter being

discussed.

17.     Upon receipt of this information from plaintiff's criminal defense attorney,

the assigned prosecutor went into New York County Criminal Court, and on his own motion,

***within a few days of receiving the representations from defense counsel that an innocent***

***person had been falsely arrested and wrongly incarcerated and prosecuted for more than a***

***month, dismissed all charges against the plaintiff with prejudice.***  There was no lengthy review

of the case evidence, no interview of the plaintiff, no meeting with the plaintiff and her defense

attorney.  Upon information and belief, the assigned prosecutor interviewed Detective Harkins

and/or other investigators upon receipt of the representations from defense counsel, and learned

that Detective Harkins and the others had reason to know that they did not arrest the actual

suspect, that they in fact arrested the plaintiff prior to securing probable cause to do so and while

6

their investigation was still very unsure of the identity of the actual suspect.

18.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff suffered damage to her reputation and lost business and good will because of the extensive publicity her arrest and prosecution received, especially in the Korean community.

## AS AND FOR A FIRST CAUSE OF ACTION

### (FALSE ARREST)

19.     The plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "18", inclusive, with the same force and effect as if more fully set forth herein at length.

20.     Neither defendants, nor each of them, nor those in their employ and at their direction, nor any other person, observed or overheard plaintiff in the commission of any of the crimes with which she was charged in the aforesaid criminal complaint.

21.     Plaintiff did not commit any of the crimes with which she was charged in the aforesaid criminal complaint.

22.     Accordingly, defendants' arrest of plaintiff was without probable cause and in violation of plaintiff's rights under the Fourth Amendment.

23.     As a result of such conduct, plaintiff suffered actual and special damages in that: plaintiff has been held up to public contempt, ridicule, disgrace and prejudice; has suffered great and severe mental pain and anguish; has been irreparably injured in her good name, professional reputation and social standing; and has lost the esteem and respect of her

friends, acquaintances, professional and business associates, and of the public generally; has been seriously impaired in the enjoyment of life and the practice of her profession; and, has suffered emotional and psychological injury and depression; has suffered physical manifestations of pain and suffering; has been limited in the activities in which she can engage; and the defendants have caused plaintiff to be arrested and prosecuted and to incur legal fees to defend herself, all of which has caused substantial economic harm, and physical and emotional injuries and damages.

## AS AND FOR A SECOND CAUSE OF ACTION

### (ABUSE OF PROCESS)

24.    The plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "23", inclusive, with the same force and effect as if more fully set forth herein at length.

25.    The defendants, and each of them, and those in their employ and at their direction, initiated and procured a public arrest and prosecution of the plaintiff in the form of a complaint sworn to and provided to prosecutors and the court and by obtaining an arrest warrant thereon and transmitting it as a fugitive warrant.

26.    The defendants, and each of them, and those in their employ and at their direction, issued such charges wrongfully and with actual malice for the sole purpose of harming the plaintiff and her reputation and causing her to be arrested and subjected to criminal prosecution, public scorn and ridicule, without cause, excuse or justification, for the ulterior and collateral purposes of  questioning her as to the identity of the actual suspect.

27.    As a result of such conduct, plaintiff suffered actual and special damages in that: plaintiff has been held up to public contempt, ridicule, disgrace and prejudice; has

suffered great and severe mental pain and anguish; has been irreparably injured in her good name, professional reputation and social standing; and has lost the esteem and respect of her friends, acquaintances, professional and business associates, and of the public generally; has been seriously impaired in the enjoyment of life and the practice of her profession; and, has suffered emotional and psychological injury and depression; has suffered physical manifestations of pain and suffering; has been limited in the activities in which she can engage; and the defendants have caused plaintiff to be arrested and prosecuted and to incur legal fees to defend herself, all of which has caused substantial economic harm, and physical and emotional injuries and damages.

### AS AND FOR A THIRD CAUSE OF ACTION

### (MALICIOUS PROSECUTION)

28.     The plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "27", inclusive, with the same force and effect as if more fully set forth herein at length.

29.     The defendants, and each of them, and those in their employ and at their direction, initiated and procured a public arrest and prosecution of the plaintiff in the form of a complaint sworn to and provided to prosecutors and the court.

30.     The defendants, and each of them, and those in their employ and at their direction, commenced and continued such prosecution wrongfully and with actual malice for the sole purpose of harming the plaintiff and her reputation and causing her to be arrested and subjected to criminal prosecution, public scorn and ridicule; they did so without probable cause, excuse or justification, for the ulterior and collateral purposes questioning her as to the identity of the actual suspect.

9

31.     The prosecution wrongfully and maliciously procured by the defendants against plaintiff was terminated in favor of the plaintiff and under circumstances fully indicating the plaintiff's innocence.

32.     As a result of such conduct, plaintiff suffered actual and special damages in that: plaintiff has been held up to public contempt, ridicule, disgrace and prejudice; has suffered great and severe mental pain and anguish; has been irreparably injured in her good name, professional reputation and social standing; and has lost the esteem and respect of her friends, acquaintances, professional and business associates, and of the public generally; has been seriously impaired in the enjoyment of life and the practice of her profession; and, has suffered emotional and psychological injury and depression; has suffered physical manifestations of pain and suffering; has been limited in the activities in which she can engage; and the defendants have caused plaintiff to be arrested and prosecuted and to incur legal fees to defend herself, all of which has caused substantial economic harm, and physical and emotional injuries and damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (MONELL CLAIM)

33.     The plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "32", inclusive, with the same force and effect as if more fully set forth herein at length.

34.     The City of New York, through policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

35.     Upon information and belief, the City of New York, at all relevant times, was aware that Detective Harkins, Police Officer Kim, Sergeant Kim, Lieutenant Morales, and

10

"John and Jane Does" Nos. 1-10, and each of them, and those in their employ and at their direction, were unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

36.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

37.     In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they engaged in criminal activity, in order to meet productivity goals, timelines, and so as not to compromise overall investigations;

(b) fabricating evidence against individuals;

(c) disregarding obvious proof of and claims of innocence;

## AS AND FOR A FIFTH CAUSE OF ACTION

### (RESPONDEAT SUPERIOR)

38.     The plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "37", inclusive, with the same force and effect as if more fully set forth herein at length.

39.     The City of New York is vicariously liable under state law for false arrest, abuse of process, and malicious prosecution because Detective Harkins, Police Officer Kim, Sergeant Kim, Lieutenant Morales, and "John and Jane Does" Nos. 1-10, and each of them, and

those in their employ and at their direction, were acting within the scope of their employment as

New York City Police Officers when they committed the aforesaid torts.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and

severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        March 16, 2015

LOMBARDI & SALERNO PLLC

By:

Dino J. Lombardi
52 Duane Street, 7th Floor
New York, New York 10007
(212) 619-8328

*Attorneys for Plaintiff Ji Young Lee*