UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JI YOUNG LEE,

                              Plaintiff,


            -against-                                  Case No.: 15 cv 2001 (WHP)(DCF)

ERIC T. SCHNEIDERMAN, KELLY DONOVAN,          **THIRD**
PERI ALYSE KADANOFF, HOWARD                    **AMENDED COMPLAINT**
FELDBERG, TAREK RAHMAN, MICHAEL
RODRIGUEZ, JOEL POCCIA, PAUL                    Jury Trial Demanded
GREZEGORSKI, CHRISTOPHER VASTA,
DOMINICK ZARRELLA, MARCUS MORALES,
ANTHONY FAVALE, MICHAEL CONLON,
ANTHONY SCANDIFFIO, RACHEL
MUZICHENKO, CITY OF NEW YORK,
WILLIAM J. BRATTON AS COMMISSIONER,
PHILLIP BANKS III, SUNGHOON KIM,
DETECTIVE WALTER HARKINS, POLICE
OFFICER JOSEPH KIM, JOHN and JANE DOES
NOS. 1-10, UNITED STATES OF AMERICA,
JEFFERY BASHARA, JOHN and JANE DOES
11-25 (each defendant in their individual and
official capacity),

                              Defendants.
----------------------------------------------------------------X

**PRELIMINARY STATEMENT**

        1.        This is an action brought pursuant to 42 U.S.C. § 1983 and state law

alleging violations of law by the City of New York ("City"), State of New York ("State"), and

the United States of America ("United States"), and various City, State and Federal Police

Officers, investigators, prosecutors, and other officials employed by the New York City Police

Department ("NYPD") in the Organized Crime Control Bureau ("OCCB") and Vice

Enforcement Major Case Team ("Vice MC"), by the New York State Office of the Attorney

General and iits Organized Crime Task Force ("OCTF"), by the United States Department of

Homeland Security ("DHS"), and by other divisions and agencies of the City and State of New

York and the United States, said acts being committed by said officials in both their official and

individual capacities.  Plaintiff alleges that, on or about January 30, 2014, New Jersey police

officers, acting pursuant to an Arrest Warrant issued upon a Criminal Complaint falsely sworn to

under oath by Detective Walter Harkins ("Harkins") of the NYPD, OCCB, Vice MC, which

Complaint contained false information provided by defendants SCHNEIDERMAN,

DONOVAN, KADANOFF, FELDBERG, RAHMAN, RODRIGUEZ, POCCIA,

GREZEGORSKI, VASTA, ZARRELLA, MORALES, FAVALE, CONLON, SCANDIFFIO,

MUZICHENKO, BRATTON, BANKS, SUNGHOON KIM, JOSEPH KIM, JOHN and JANE

DOES, NOS. 1-10, JEFFERY BASHARA, and JOHN and JANE DOES 11-25 and which was

directed to be filed and transmitted to New Jersey authorities by defendants SCHNEIDERMAN,

DONOVAN, KADANOFF, FELDBERG, RAHMAN, RODRIGUEZ, POCCIA,

GREZEGORSKI, VASTA, ZARRELLA, MORALES, FAVALE, CONLON, SCANDIFFIO,

MUZICHENKO, BRATTON, BANKS, SUNGHOON KIM, JOSEPH KIM, JOHN and JANE

DOES, NOS. 1-10, JEFFERY BASHARA, and JOHN and JANE DOES 11-25, arrested her

based on the said false allegations about her contained in the aforesaid Complaint and made by

Detective Harkins and Police Officer Joseph Kim ("Kim") and others to prosecutors and judges;

and that on or about February 20, 2014, Detective Harkins, acting at the direction of defendants

SCHNEIDERMAN, DONOVAN, KADANOFF, FELDBERG, RAHMAN, RODRIGUEZ,

POCCIA, GREZEGORSKI, VASTA, ZARRELLA, MORALES, FAVALE, CONLON,

SCANDIFFIO, MUZICHENKO, BRATTON, BANKS, SUNGHOON KIM, JOSEPH KIM,

JOHN and JANE DOES, NOS. 1-10, JEFFERY BASHARA, and JOHN and JANE DOES 11-25 took plaintiff into custody from the Bergen County (N.J.) Jail and transported her to the New York City Criminal Court, New York County, and the defendants and all of them continued her false arrest and also maliciously prosecuted her in violation of the Fourth and Sixth Amendments to the United States Constitution and state law. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her claims of false arrest and imprisonment, abuse of process, and malicious prosecution brought under New York state law.

4.      With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within ninety (90) days after plaintiff was released from custody and prosecutors dismissed all charges against her with prejudice.  More than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

**I. The Plaintiff**

6.      Ji Young Lee is a New Jersey resident who lives in Bergen County.

**II. The State of New York**

7.      At all times hereinafter mentioned, the defendants, either personally or through their employees, in their official and individual capacities, were acting under color of state law and/or in compliance with the official rules regulations, laws, statutes, customs, usages and/or practices of the State and City of New York, and the United States, to deprive plaintiff of her rights secured by the Constitution and the laws of the United States and the State of New York, in direct violation of plaintiff's Fourth Amendment Constitutional rights to be free from unreasonable searches and seizures.

8.      Defendant Eric T. Schneiderman is the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Eric T. Schneiderman led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

9.      Defendant Kelly Donovan is Executive Deputy Attorney General for Criminal Justice of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Kelly Donovan led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

4

10. Defendant Peri Alyse Kadanoff is Deputy Attorney General of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Peri Alyse Kadanoff led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

11. Defendant Howard Feldberg is Assistant Deputy Attorney General of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Howard Feldberg led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

12. Defendant Tarek Rahman, is Assistant Deputy Attorney General of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Tarek Rahman led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

13. Defendant Michael Rodriguez is OCTF Investigator of the Attorney

General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Michael Rodriguez led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

      14.     Defendant Rachel Muzichenko is OCTF Investigator of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Rachel Muzichenko led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

      15.     Defendant Joel Poccia is OCTF Senior Investigator of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Joel Poccia led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

      16.     Defendant Paul Grezegorski is OCTF Supervising Investigator of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Paul Grzegorski led

"Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

17.     Defendant Christopher Vasta is OCTF Deputy Chief of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Christopher Vasta led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

18.     Defendant Dominick Zarrella is Chief of Investigations Bureau of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Dominick Zarrella led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

### III. The City of New York

19.     At all times hereinafter mentioned, the defendants, either personally or through their employees, in their official and individual capacities, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York, and of the United States, to deprive plaintiff

of her rights secured by the Constitution and the laws of United States and the State of New York, in direct violation of plaintiff's Fourth Amendment Constitutional rights to be free from unreasonable searches and seizures.

20.     Defendant City of New York (hereinafter "CITY") is and was at all times relevant a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department ("NYPD") which acts as its agents in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY was at all times relevant herein the public employer of the individual defendants William J. Bratton, Phillip Banks III, Sunhoo Kim, Walter Harkins, Joseph Kim, Michael Morales and officers John Does 11-25.

21.     Defendant Anthony Favale is a police official of the New York City Police Department. Upon information and belief, at all times relevant to this complaint, defendant Anthony Favale led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

22.     Defendant Marcus Morales is a police official of the New York City Police Department. Upon information and belief, at all times relevant to this complaint, defendant Morales led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to

suspect the plaintiff of having committed these offenses.

23.   Defendant William J. Bratton is the Police Commissioner of the New York Police Department.  Upon information and belief, at all times relevant to this complaint, defendant Bratton led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

24.   Defendant Phillip Banks III was a Chief of the New York Police Department.  Upon information and belief, at all times relevant to this complaint, defendant Banks led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

25.   Defendants Walter Harkins, Sunghoon Kim and Joseph Kim are all investigators for the New York Police Department.  Upon information and belief, at all times relevant to this complaint, defendants Harkins, Kim and Kim participated in "Operation Out of Bounds" and were responsible for the operation and caused the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

**IV. The United States of America**

26.   Defendant Unites States of America ("UNITED STATES"), acting under

the direction of the Attorney General of the United States and the Department of Homeland Security, failed to properly investigate and falsely charged and arrested plaintiff for promoting prostitution, money laundering and drug sales.

27.     Defendant Michael Conlon is a senior investigator of the United States Department of Homeland Security. Upon information and belief, at all times relevant to this complaint, defendant Michael Conlon led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

28.     Defendant Anthony Scandiffio is Deputy Special Agent of the United States Department of Homeland Security. Upon information and belief, at all times relevant to this complaint, defendant Anthony Scandiffio  led "Operation Out of Bounds" and was responsible for the operation and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

29.     Defendant Jeffery Bashara is Homeland Security Investigations Special Agent at the U.S. Attorney's Office, 1 Saint Andrew's Plaza, New York, NY 10007.  Upon information and belief, at all times relevant to this complaint, defendant Jeffery Bashara was part of and responsible for the investigation for "Operation Out of Bounds" and "Operation Shade of Beige" and was responsible for the operations that falsely charged and arrested plaintiff for promoting prostitution, money laundering and drug sale. Upon information and belief, at all times relevant hereto, Jeffery Bashara was employed as an agent in the New York Division of

10

the United States Department of Homeland Security, working out of an office located within the Southern District of New York.

**V. John and Jane Does**

30.     Defendants John and Jane Does nos. 1-25 are officials and employees of the City and State of New York, and of the United States. Upon information and belief, at all times relevant to this complaint, said defendants led "Operation Out of Bounds" and "Operation Shade of Beige" and were responsible for and participated in the operations and directed the filing of the false Complaint and the false arrest of plaintiff for promoting prostitution, money laundering and drug sales, knowing that there was no probable cause to suspect the plaintiff of having committed these offenses.

<u>**STATEMENT OF FACTS**</u>

31.     Prior to and leading up to the false arrest of the plaintiff on January 30, 2014,  the New York State Attorney General's Office, in conjunction with the federal Department of Homeland Security, the New York Police Department, and other federal, state, and local agencies investigated a drugs-prostitution-money laundering ring focused on marketing its illicit services to high-end clientele arriving in the New York metropolitan area for the 2014 Super Bowl to be played in the Meadowlands.

32.     In advance of the game itself, the defendants herein, working in tandem as local, state and federal investigators and prosecutors, swore out the aforesaid complaint, obtained arrest warrants, and arrested some eighteen (18) or so individuals and charged them with various crimes including serious felonies. On or about January 30, 2014, Attorney General Eric Schneiderman, joined by high-ranking Federal, New York City and New York State police

officials, among them some of the defendants herein, held a widely-televised press conference

which was reported on in the print and broadcast media and re-televised and reported on via the

internet, in which some or all of the charged individuals were named and had their photographs

and names prominently displayed on an organizational chart typically utilized in such press

conferences when organized crime arrests are announced. Plaintiff's name and photograph were

among those displayed.

      33.    In that press conference, as in the criminal complaint which had been

filed, Attorney General Schneiderman and the other officials accused the plaintiff and the others

charged with participating in a criminal conspiracy which involved human trafficking for

prostitution purposes, felony sale of and trafficking in narcotics, promoting prostitution, and

extensive laundering of the proceeds through various front businesses.

      34.    On the internet, various blogs and other postings repeated and reported on

these heinous charges and accusations for weeks and even months thereafter, as did the print and

broadcast media.  In particular, the Korean-language media focused on the case in that the

majority of people charged were Korean-American.  Plaintiff's name and likeness, her business

affiliations, home address and other personal information, as well as the accusations against her,

were heavily publicized for many weeks and months.  As a result, her family members, friends,

acquaintances, and business customers and associates saw and heard the reports that plaintiff

was a member, and in fact a manager, of a Korean organized crime ring which brutally trafficked

in young Korean females who were often forced or coerced into prostitution, and that she

arranged for large quantities of narcotics to be trafficked and sold and the proceeds laundered.

      35.    The defendants herein, working in tandem as local, state and federal

investigators and prosecutors, supposedly conducted physical and electronic surveillance of plaintiff and the others arrested and charged. They also utilized undercover agents to provide them with intelligence and evidence against the perpetrators. Plaintiff and her partner own and operate a small jewelry and crafts business. She has never been arrested or, upon information and belief, even suspected of any offense prior to her arrest in this matter. She is not heard on any of the wiretaps or other eavesdropping evidence proffered as evidence in the case by the defendants herein. She never associated with and was never seen associating with any of the actual perpetrators in the criminal case. She never participated in any of the prostitution or drug transactions underlying the criminal case, nor did she utilize her business or any other business to engage in money laundering transactions. Nonetheless, Agent Bashara reported to Agents Scandiffio and Conlon that it was plaintiff whom he eavesdropped upon discussing criminal activity. All three Federal Agents then contributed the false information to the State prosecutor and investigator defendants, who authorized NYPD Detectives Harkins, Kim and Kim to swear under oath to the false information in a criminal court complaint that plaintiff had engaged in all of those acts and more, and procured an arrest warrant based on those false allegations.

36. Upon information and belief, the defendants knew and had reason to know that plaintiff was not involved in the criminal conspiracy. When the time came to effect the arrests of the suspects, on January 30, 2014, despite their knowledge of the falsity of the allegations against plaintiff, Detective Harkins, with the consent and approval of the senior Federal, State and City investigators, prosecutors and agents named herein, falsely swore out the complaint and obtained the arrest warrant for the plaintiff anyway and caused her to be arrested at her New Jersey home, taken into custody, and incarcerated on a fugitive detainer in Bergen

13

County.  Shockingly and almost unbelievably, Detective Harkins, upon retrieving the plaintiff from Bergen County three (3) weeks later on February 20, 2014, after she had waived extradition there, and while transporting her to New York County Criminal Court for arraignment upon the complaint, revealed to plaintiff that he knew she was not an actual suspect and questioned her in transit and at the New York County Criminal Court as to her identity and the ownership of a motor vehicle which bore some significance to his investigation.  Notably, he did this in violation of the plaintiff's 5th and 6th Amendment rights in full knowledge that her right to counsel had attached and that she was in fact represented by counsel.  Plaintiff repeatedly told Detective Harkins and other investigators from the time of her arrest that she was innocent of any wrongdoing and had no knowledge of it or the perpetrators.

37.     Despite all that, Detective Harkins and the other defendants maintained the charges against her, repeated the allegations to the judicial officers and the media, and caused plaintiff to be arraigned on the false charges on February 20, 2014, and held at Riker's Island on $30,000 bail.  Defendant Feldberg, with the approval of the Attorney General and State OCTF prosecutors named herein, requested $50,000 bail be set for plaintiff even though he and they knew that there was no probable cause to arrest or detain plaintiff.

38.     Plaintiff and her family were unable to raise sufficient funds to obtain the bail bond for a few weeks.  Finally, a bail bond was posted and plaintiff was released from custody on or about March 19, 2014.  At a court date on March 24, 2014, one of the assigned prosecutor, defendant Feldberg, agreed to informally provide certain discovery which consisted primarily of recordings of eavesdropped telephone conversations.  That discovery was provided by the prosecutor on March 26, 2014.  Plaintiff listened to those recordings and consulted with

her defense attorney who then communicated to defendant Feldberg that it was plaintiff's adamant position that hers was not the voice on the recordings, that she did not recognize the voices on the recordings or the telephone numbers associated with them, and had no knowledge of the subject matter being discussed.

39.     Upon receipt of this information from plaintiff's criminal defense attorney, defendant Feldberg tacitly acknowledged in that and a subsequent phone conversation with plaintiff's defense attorney that he was and had been aware of plaintiff's innocence. Defendant Feldberg then went into New York County Criminal Court, and on his own motion, ***within a few days of receiving the representations from defense counsel that an innocent person had been falsely arrested and wrongly incarcerated and prosecuted for more than a month, dismissed all charges against the plaintiff with prejudice.***  There was no lengthy review of the case evidence, no interview of the plaintiff, no meeting with the plaintiff and her defense attorney.  Upon information and belief, Defendant Feldberg and the other assigned OCTF State prosecutors, with the consent and approval of the Attorney General, were intimately involved in the investigate stages of this case prior to initiating the prosecution and presenting the State's case and had authorized the false arrest of the plaintiff in order to maximize the number of defendants who would be portrayed as having roles in the conspiracy and to do so in time for the pre-Super Bowl press conference planned by the Attorney General and the various high-ranking Federal, State and City officials named herein.  Defendant Feldberg revealed that he and the other defendants actually suspected plaintiff's sister in the criminal conspiracy but having failed to arrest her, authorized and caused the arrest of the innocent plaintiff and maintained her imprisonment and prosecution so as to place pressure on plaintiff to implicate her sister.

Defendants Feldberg and Harkins, and their supervisors, fellow prosecutors and investigators, knew and had reason to know that they did not arrest the actual suspect, that they in fact arrested the plaintiff without probable cause to do so while their investigation was still ongoing as to the identities pf several suspects all to maximize the publicity splash in the media and to pressure plaintiff and one or more suspects who had as yet not been arrested.

40.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff suffered damage to her reputation and lost business and good will because of the extensive publicity her arrest and prosecution and the heinous accusations against her received, especially in the Korean community.

## AS AND FOR A FIRST CAUSE OF ACTION

### (FALSE ARREST - 42 U.S.C. § 1983 )

41.     The foregoing allegations are here incorporated by reference.

42.     Title 42 U.S. Code § 1983 - Civil action for deprivation of rights provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State or
> Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought
> against a judicial officer for an act or omission taken in
> such officer's judicial capacity, injunctive relief shall not
> be granted unless a declaratory decree was violated or
> declaratory relief was unavailable. For the purposes of this
> section, any Act of Congress applicable exclusively to the

District of Columbia shall be considered to be a statute of
the District of Columbia.

43.     Defendants lacked any probable cause to arrest the plaintiff.  Defendants
conspired to, and acted in furtherance of the conspiracy, to deprive plaintiff of her civil rights
under the United States Constitution and federal law and state law, under color of New York
State Penal Law and under color of their official office and imprimatur.

44.     Defendants' acts against plaintiff were malicious, deliberate, knowing,
intentional, and recklessly wrongful and were intended to cause plaintiff injury or were in abject
disregard for her rights to be free of unreasonable search and seizure under the Constitution and
the law of the United States and laws of the State of New York.

45.     By reason of the above, plaintiff was significantly injured physically,
psychologically and reputationally, having been deprived her of her liberty unlawfully and
exposed to public ridicule and disgrace, and having suffered great mental anguish.

## AS AND FOR A SECOND CAUSE OF ACTION

### (FALSE IMPRISONMENT - 42 U.S.C. § 1983)

46.     The foregoing allegations are here incorporated by reference.

47.     Defendants falsely arrested and imprisoned plaintiff.

48.     By reason of the above, plaintiff was significantly injured physically,
psychologically and reputationally, having been deprived her of her liberty unlawfully and
exposed to public ridicule and disgrace, and having suffered great mental anguish.

## AS AND FOR A THIRD CAUSE OF ACTION

### (FOURTH, SIXTH, FOURTEENTH AMENDMENT VIOLATIONS - 42 U.S.C. § 1983)

49.     The foregoing allegations are here incorporated by reference.

50.     By reason of those facts defendants violated the fourth and sixth amendments.

51.     By reason of the above, plaintiff was significantly injured physically, psychologically and reputationally, having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (MUNICIPAL LIABILITY- 42 U.S.C. § 1983)

52.     The foregoing allegations are here incorporated by reference.

53.     The City of New York and the New York Police Department, as a unit of government operated by the City of New York, had an informal or formal policy of conducting "joint operations" with the State of New York whereupon the NYS Attorney General's leadership would be followed and adhered to. In pursuance of that policy, the City of New York was among the actors, acting through its agents, that violated plaintiff's rights under a formal or informal policy, practice or custom whereby the underlying defective, unconstitutional investigation was "conducted" and resulted in plaintiff's injury.

54.     The City of New York failed to implement a policy, practice or custom of actually investigating all facts in cases undertaken by its police officials and operated under a *de facto* policy of taking any State leadership cases at "face value.

55.     By reason of the above, plaintiff was significantly injured physically, psychologically and reputationally, having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## AS AND FOR A FIFTH CAUSE OF ACTION

**(NEGLIGENT TRAINING OF PROPER INVESTIGATION TECHNIQUES)**

56.     The foregoing allegations are here incorporated by reference.

57.     By reason of those facts, defendants engaged in negligent training of their law enforcement officials to conduct proper investigations; to actually investigate and cross-check facts; and to avoid arresting innocent citizens whom they are sworn to protect.

58.     By reason of the above, plaintiff was significantly injured physically, psychologically and reputationally, having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## AS AND FOR A SIXTH CAUSE OF ACTION

**(BIVENS ACTION)**

59.     The foregoing allegations are here incorporated by reference.

60.     In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1991 (1971), the Supreme Court of the United States recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Some of the named defendants and some unknown defendants are federal agents with the U.S. Department of Homeland Security who are subject to the *Bivens* doctrine. These defendants are liable under *Bivens* for their participation in the foregoing conduct.

61.     By reason of the above, plaintiff was significantly injured physically, psychologically and reputationally, having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

19

## AS AND FOR A SEVENTH CAUSE OF ACTION

## (F.T.C.A. - CONSTITUTIONAL TORT and NEGLIGENCE)

62.     The foregoing allegations are here incorporated by reference.

63.     Defendants, Conlon, Scandiffio and Bashara, agents of the United States, engaged in the foregoing conduct with the intent to cause, or in disregard of a substantial probability that the conduct would cause, harm to the plaintiff.

64.     Plaintiff suffered special damages as a result of defendants' conduct including emotional distress, shame, fear and great mental anguish as a result of the defendants' tortious conduct.

65.     There was no justification or excuse for defendants' tortious conduct.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

## (LIBEL PER SE)

66.     The foregoing allegations are here incorporated by reference.

67.     By reason thereof, defendants and each of them committed repeated acts of defamation, both libel and slander, with each false press conference, each press release, and new and secondary dissemination of defamatory materials that harmed plaintiff by name, picture and reputation as a member of a "drug and prostitution ring"; "money launderer"; "drug trafficker"; "felony criminal", and so forth.

68.     By reason of the above, plaintiff was significantly injured physically, psychologically and reputationally, having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## AS AND FOR A NINTH CAUSE OF ACTION

20

**(FALSE ARREST - STATE COMMON LAW)**

69.     The foregoing allegations are here incorporated by reference.

70.     Neither defendants, nor each of them, nor those in their employ and at their direction, nor any other person, observed or overheard plaintiff in the commission of any of the crimes with which she was charged in the aforesaid criminal complaint.

71.     Plaintiff did not commit any of the crimes with which she was charged in the aforesaid criminal complaint.

72.     Accordingly, defendants' arrest of plaintiff was without probable cause and in violation of plaintiff's rights under the Fourth Amendment.

73.     As a result of such conduct, plaintiff suffered actual and special damages in that: plaintiff has been held up to public contempt, ridicule, disgrace and prejudice; has suffered great and severe mental pain and anguish; has been irreparably injured in her good name, professional reputation and social standing; and has lost the esteem and respect of her friends, acquaintances, professional and business associates, and of the public generally; has been seriously impaired in the enjoyment of life and the practice of her profession; and, has suffered emotional and psychological injury and depression; has suffered physical manifestations of pain and suffering; has been limited in the activities in which she can engage; and the defendants have caused plaintiff to be arrested and prosecuted and to incur legal fees to defend herself, all of which has caused substantial economic harm, and physical and emotional injuries and damages.


**AS AND FOR A TENTH CAUSE OF ACTION**

21

**(ABUSE OF PROCESS - STATE COMMON LAW)**

74.     The foregoing allegations are here incorporated by reference.

75.     The defendants, and each of them, and those in their employ and at their direction, initiated and procured a public arrest and prosecution of the plaintiff in the form of a complaint sworn to and provided to prosecutors and the court and by obtaining an arrest warrant thereon and transmitting it as a fugitive warrant.

76.     The defendants, and each of them, and those in their employ and at their direction, issued such charges wrongfully and with actual malice for the sole purpose of harming the plaintiff and her reputation and causing her to be arrested and subjected to criminal prosecution, public scorn and ridicule, without cause, excuse or justification, for the ulterior and collateral purposes of  questioning her as to the identity of the actual suspect.

77.     As a result of such conduct, plaintiff suffered actual and special damages in that: plaintiff has been held up to public contempt, ridicule, disgrace and prejudice; has suffered great and severe mental pain and anguish; has been irreparably injured in her good name, professional reputation and social standing; and has lost the esteem and respect of her friends, acquaintances, professional and business associates, and of the public generally; has been seriously impaired in the enjoyment of life and the practice of her profession; and, has suffered emotional and psychological injury and depression; has suffered physical manifestations of pain and suffering; has been limited in the activities in which she can engage; and the defendants have caused plaintiff to be arrested and prosecuted and to incur legal fees to defend herself, all of which has caused substantial economic harm, and physical and emotional injuries and damages.

22

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

## (MALICIOUS PROSECUTION - STATE COMMON LAW)

78.    The foregoing allegations are here incorporated by reference.

79.    The defendants, and each of them, and those in their employ and at their direction, initiated and procured a public arrest and prosecution of the plaintiff in the form of a complaint sworn to and provided to prosecutors and the court.

80.    The defendants, and each of them, and those in their employ and at their direction, commenced and continued such prosecution wrongfully and with actual malice for the sole purpose of harming the plaintiff and her reputation and causing her to be arrested and subjected to criminal prosecution, public scorn and ridicule; they did so without probable cause, excuse or justification, for the ulterior and collateral purposes questioning her as to the identity of the actual suspect.

81.    The prosecution wrongfully and maliciously procured by the defendants against plaintiff was terminated in favor of the plaintiff and under circumstances fully indicating the plaintiff's innocence.

82.    As a result of such conduct, plaintiff suffered actual and special damages in that: plaintiff has been held up to public contempt, ridicule, disgrace and prejudice; has suffered great and severe mental pain and anguish; has been irreparably injured in her good name, professional reputation and social standing; and has lost the esteem and respect of her friends, acquaintances, professional and business associates, and of the public generally; has been seriously impaired in the enjoyment of life and the practice of her profession; and, has suffered emotional and psychological injury and depression; has suffered physical

23

manifestations of pain and suffering; has been limited in the activities in which she can engage; and the defendants have caused plaintiff to be arrested and prosecuted and to incur legal fees to defend herself, all of which has caused substantial economic harm, and physical and emotional injuries and damages.

**AS AND FOR A TWELFTH CAUSE OF ACTION**

**(MONELL CLAIM)**

83.    The foregoing allegations are here incorporated by reference.

84.    The State and City of New York, through policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

85.    Upon information and belief, the State and City of New York, at all relevant times, were aware that Detective Harkins, Police Officer Kim, Sergeant Kim, Lieutenant Morales, and "John and Jane Does" Nos. 1-20, and each of them, and the other defendants and those in their employ and at their direction, were unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

86.    Nevertheless, the State and City of New York exercised deliberate indifference by failing to take remedial action.  The State and City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the State and City of New York failed to adequately investigate prior complaints filed against the officers.

87.    In addition, the following are State and City policies, practices and

customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they engaged

in criminal activity, in order to meet productivity goals, timelines, and so as not to

compromise overall investigations;

(b) fabricating evidence against individuals;

(c) disregarding obvious proof of and claims of innocence;

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

### (RESPONDEAT SUPERIOR)

88.     The foregoing allegations are here incorporated by reference.

89.     The State and City of New York are vicariously liable under state law for

false arrest, abuse of process, and malicious prosecution because Detective Harkins, Police

Officer Kim, Sergeant Kim, Lieutenant Morales, and "John and Jane Does" Nos. 1-20, and each

of them, and the other defendants and those in their employ and at their direction, were acting

within the scope of their employment as New York State and City Police Officers when they

committed the aforesaid torts.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and

severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as this Court deems just and proper.

Dated:  New York, New York

September 8, 2015

LOMBARDI & SALERNO PLLC

By:

Dino J. Lombardi
52 Duane Street, 7th Floor
New York, New York 10007
(212) 619-8328

*Attorneys for Plaintiff Ji Young Lee*